In the Matter of the General Assignment for the Benefit of Creditors of JAMAICA APOTHECARY, INC., Assignor, to ARTHUR J. GUTMAN, Assignee-Respondent. NATIONAL MIRROR WORKS, INC., Appellant.— Order granting motion to confirm the official referee's report and to dismiss the claim of the appellant unanimously affirmed, without costs, unless within ten days after the date of this decision appellant stipulate to accept the sum of twenty-five dollars in satisfaction of its claim, in which event the order will be modified by providing therein that the claim of the appellant be allowed as a preferred one in the sum of twenty-five dollars, and as so modified unanimously affirmed, without costs. The appellant does not clearly show that the conditional sales agreement was recorded in conformity with section 67 of the Personal Property Law and, in addition, was derelict in failing to present its proof on the hearing. Nevertheless, it seems clear that it is entitled to receipt of the sum which was realized for the fixtures at the sale. Reopening of the proceeding and remission to the referee, in view of the shortcomings of the appellant and the trifling sum involved, was properly denied in the exercise of discretion. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.

In the Matter of the Petition of EDWARD FRIEDMAN, an Attorney at Law, Respondent, to Have His Compensation Fixed as Attorney for the Administrator de Bonis Non of the Estate of HARRY KREMS, Deceased. MAURICE B. RICH, as Administrator de Bonis Non of the Estate of HARRY KREMS, Deceased, Appellant.— In a proceeding under section 231-a of the Surrogate's Court Act to fix the compensation of the attorney of record in this proceeding, decree of the Surrogate's Court of Kings county modified by striking therefrom the first, second, third and fourth decretal paragraphs thereof and by inserting therein a provision that the application of the respondent for compensation be denied. As so modified, the decree is unanimously affirmed, without costs. The question as to whether appellant is entitled to compensation in the proceeding and, if so, the amount thereof, may be determined by the surrogate in the accounting proceeding. In our opinion, the burden of proof was upon the respondent to establish the special agreement between him and the appellant, testified to by him, and he failed to sustain such burden. The evidence contained in this record shows that respondent's designation as attorney of record and the services performed by him were a part of his duties as an employee in appellant's law office, and he is not, therefore, entitled to compensation from the estate. Present — Young, Hagarty, Carswell, Davis and Johnston, JJ.